NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALTAZAR FUENTES AGUILAR, | No. 04-73796 |
| Petitioner, | Agency No. A095-878-110 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2008[**]

Before:    PREGERSON, TASHIMA and GOULD, Circuit Judges.

Baltazar Fuentes Aguilar, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider its summary affirmance of an immigration judge's decision denying

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

him cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of motions to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny the petition for review.

Fuentes Aguilar's opening brief does not challenge the BIA's order denying reconsideration, so we do not review that order.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Fuentes Aguilar's equal protection challenge to the Nicaraguan and Central American Relief Act is foreclosed by *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'") (quoting *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001)).

**PETITION FOR REVIEW DENIED.**

<u>Fuentes-Aguilar</u>, <u>No. 04-73796</u>, *Pregerson, J., Dissenting*:

Fuentes-Aguilar has lived in the United States since 1995.  Fuentes-Aguilar applied for asylum, likely with the assistance of a notario[1] of some kind. These individuals encourage undocumented immigrants to file asylum applications and collect fees for the "assistance" they render with the application.  Fuentes-Aguilar was referred to immigration court where he withdrew his asylum application and applied for cancellation of removal.  The IJ denied Fuentes-Aguilar's application for cancellation of removal because Fuentes-Aguilar had failed to demonstrate the required ten years of physical presence in the United States.

Fuentes-Aguilar entered the United States when he was approximately seventeen-years-old.  He is now thirty-two-years old.  In 2003, Fuentes-Aguilar became a father when his fiancee gave birth to his son, Kevin Fuentes-Martinez, a United States citizen.

---

[1] Our case law recognizes the problem of notarios operating within the undocumented immigrant community. *See, e.g.*, *Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir. 2008) ("All too often, vulnerable immigrants are preyed upon by unlicensed notarios and unscrupulous appearance attorneys who extract heavy fees in exchange for false promises and shoddy, ineffective representation. Despite widespread awareness of these abhorrent practices, the lamentable exploitation of the immigrant population continues. . . ."); *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, n.4 (9th Cir., 2007) ("The immigration system in this country is plagued with 'notarios' who prey on uneducated immigrants.").

When a parent is denied cancellation of removal, the government effectively deports the parent's United States-born children. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See*, *e.g.*, *Moore v. City of E. Cleveland*, 431 U.S. 494, 503-05 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Because Fuentes-Aguilar will be separated from his six-year-old U.S. citizen son, I cannot agree with the result in this case.